IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NINA ALLYN                                                                PLAINTIFF

v.                              No. 3:16-cv-115-DPM

BARBARA WOOLARD and
DEPARTMENT OF AGRICULTURE                                  DEFENDANTS

ORDER

The USDA's motion to dismiss, № 5, is denied with a caveat. The Administrative Procedure Act's waiver of sovereign immunity, 5 U.S.C. § 702, is broad enough to include Allyn's claimed entitlement to *future* payments from the USDA. A fair reading of the papers is that Allyn alleges harm from the Woolard/USDA contract for those payments. Subject matter jurisdiction exists under 28 U.S.C. § 1361; the absence of a named USDA official is not fatal. *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471 (1994) is one example (among many) of this kind of suit.

The caveat is on any *past* payments. Recovery of any of these would be monetary damages, which would be beyond the immunity waiver and the extraordinary writ. *Bowen v. Massachusetts*, 487 U.S. 879, 893-901 (1988).

Two last points. Allyn requests an embargo on payments during the litigation. She hasn't demonstrated her entitlement to that by way of

injunctive relief or otherwise. The ownership facts are murky. Plus Allyn can recover from Woolard if Allyn proves a life estate. Finally, the Court wonders whether Johnson needs to be joined to quiet title among all interested parties.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 October 2016